Filed 6/16/15  In re Destiny L. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re DESTINY L. et al., Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JUAN L., <br><br> Defendant and Appellant. | F070027 <br><br> (Super. Ct. Nos. JD132761, JD132762, JD132763) <br><br> **OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer, Judge.

Gino de Solenni, under appointment by the Court of Appeal, for Defendant and Appellant.

Theresa A. Goldner, County Counsel, and Thomas G. Morgan, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Dependency proceedings commenced following a referral that Juan L. had sexually abused his stepdaughter D.U. and her mother had failed to protect.

On appeal, Juan argues the court abused its discretion in denying his request for supervised visitation with his own children by applying the wrong legal standard and relying on unsubstantiated allegations. Specifically, he asserts the court relied upon mother's unsubstantiated statement that Juan also molested their three children, finding such visitation would be against their best interests. We will affirm.

## RELEVANT BACKGROUND

D.U. revealed her stepfather Juan had been molesting her for years after her mother found Juan lying atop D.U. and also found soiled clothing belonging to both D.U. and Juan. Mother reported the incident to police. Juan was arrested but eventually released from custody. Mother let Juan back into the home on two occasions. Mother's siblings reported to authorities Juan was back in the home and he was a registered sex offender. They feared he would continue to abuse D.U. Dependency proceedings commenced pursuant to Welfare and Institutions Code[1] section 300.

D.U. and her three half siblings, Destiny L., A. L., and Juan L., Jr., were removed from the home. The juvenile court found true all counts and specific allegations as alleged in the petitions. During the course of the proceedings, concerns were raised about the possibility of Juan having sexually abused his own children.

At disposition, reunification services were granted to mother and denied as to Juan. More particularly, reunification services were denied to Juan pursuant to section 361.5, subdivision (b)(6) (severe sexual abuse of a child) and (16) (sex offender registration). Nevertheless, Juan asked the court to order supervised visitation between

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2.

him and his three children.  The court denied the request.  That denial is the subject of the instant appeal.

## DISCUSSION

Juan complains the court improperly relied upon mother's unsubstantiated allegations that he molested their children when it denied his request for supervised visitation with the children.  He also claims the court applied the incorrect legal standard to the determination.  The department contends the juvenile court did not abuse its discretion in denying Juan's motion, nor did the court apply the incorrect standard.

The dependency law's statutory scheme establishes a presumption in favor of providing a parent with family reunification services when a child has been declared a dependent of the court under section 300.  (§ 361.5, subd. (a); see, e.g., *Cheryl P. v. Superior Court* (2006) 139 Cal.App.4th 87, 95.)  Exceptions to this presumption are set out in section 361.5, subdivision (b).  When the juvenile dependency court finds an exception applies, the court will not order reunification services be provided unless it finds, upon a parent's burden, by clear and convincing evidence, that reunification would be in the child's best interests.  (§ 361.5, subd. (c); see, e.g., *In re William B.* (2008) 163 Cal.App.4th 1220, 1227.)

Section 361.5, subdivision (f), provides in pertinent part:  "The court may continue to permit the parent to visit the child unless it finds that visitation would be detrimental to the child," even where it has not ordered reunification services.  We review visitation orders under section 361.5, subdivision (f) for an abuse of discretion.  (*In re J.N.* (2006) 138 Cal.App.4th 450, 459.)  Under that standard, we apply a very high degree of deference to the trial court's decision.  (*Ibid.*)  Further, the parent must demonstrate prejudice.  (*In re Chantal S.* (1996) 13 Cal.4th 196, 214.)

At the hearing held July 21, 2014, the following colloquy occurred:

> "[FATHER'S ATTORNEY:]  We would also at this time, Your Honor, be asking the Court to make a reasonable visitation order between my client and his three kids.  This is his first appearance before the Court.  [¶] … [¶]

"[THE COURT:] Anything else, …?

[DEPARTMENT'S ATTORNEY]: Yes, Your Honor.… [¶] Your Honor, because of the jurisdictional report in one of the interviews with the mother reflects that the mother stated that she believed that there was some sexual abuse and history of [Father]'s daughter by [Father]. We would ask the issue of visitation between [Father] and his children be reserved until disposition.

"THE COURT: [Mother's attorney].

"[MOTHER'S ATTORNEY]: We would join.

"THE COURT: Any comment?

"[FATHER'S ATTORNEY]: There are no allegations in the petition in looking at the dispositional report on Page 11, Lines 5 through 8. It is pretty clear that the Department seems to concede there is no evidence that the children Destiny, [A.], and Juan have been abused. It is on Page 11, Lines 5 through 8.

"We are asking for supervised visits between my client and his kids. There is no absolutely no indication that I could see from either the jurisdictional or the dispositional report that such visits would be detrimental to these kids, and I believe that finding is what would have to be made to deny my client visitation or even to reserve it between now and the dispositional hearing.

"[DEPARTMENT'S ATTORNEY]: Your Honor, on Page 10 of the jurisdictional report, it's stated—I'm quoting, stated that she was aware of [Father]'s previous sexual abuse history against his daughter. She was aware of his guilt. She stated that [Father] … was under the influence of narcotics and alcohol when the abuse occurred. The Department has information from the mother that the father abused his own children. [¶] … [¶]

"THE COURT: Well, clearly there is conflicting evidence before the Court. I'm going to reserve the issue.

"I understand your position, [Father's attorney]. I think I have some understanding of law in this area, and—but for the statement in the jurisdictional report, just referred to on Page 6, the law would require, but I think with that statement, I will reserve the issue, and we'll get it worked out between now and the dispositional hearing."

4.

Thereafter, at the dispositional hearing of August 26, 2014, following argument concerning the issue of visitation, the court noted it had considered the social worker's testimony and report of July 17, 2014, mother's testimony, and the jurisdictional report, before ruling as follows:

> "[THE COURT:] *The Court does find that based on [Father]'s failure to register as required, and also* based on the only evidence that I have before the Court, which is unrefuted, although probably could have been, that he in fact molested [his own children], I find that visitation would be detrimental to those children and thus order that there not be visitation between the father and [his] children. That order, obviously, is subject to review on further evidence. [¶] … [¶] Anything else …?

> "[DEPARTMENT'S ATTORNEY]: Yes, Your Honor. Is that denial of visitation based on a preponderance or a clear and convincing?

> "THE COURT: It is the only evidence I have. So it doesn't make any difference. At this point it is beyond a reasonable doubt because I only have one recitation.

> "[DEPARTMENT'S ATTORNEY]: Thank you.

> "THE COURT: Now, I'll let somebody else think that is important and let them figure it out. But I only have that evidence that the mother has given." (Italics added.)

Defendant's assertion the juvenile court's decision was arbitrary because it was based upon an erroneous legal standard and unproven allegations is not well taken.

In *In re J.N.*, *supra*, 138 Cal.App.4th 450, applicable here, this court concluded a court was not required to find, by clear and convincing evidence, that visitation would be detrimental to the child. Rather,

> "section 361.5, subdivision (f) does not dictate a particular standard the juvenile court must apply when exercising its discretion to permit or deny visitation between a child and a parent who has not been receiving reunification services. The Legislature instead has left this determination to the court's discretion for the narrow group of parents described in section 361.5, subdivision (f), who have been denied reunification services at the outset. [Citation.] Here, the juvenile court found it was not in J.'s best interests to allow contact with mother while she was in prison. The best

5.

interests of the child is certainly a factor the court can look to in exercising its discretion to permit or deny visitation.  [Citation.]

"We are left with the determination of whether the court abused its discretion when it found contact with mother would not be in J's best interest.  '"[']The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.'"  [Citations.]'  [Citation.]  The abuse of discretion standard warrants that we apply a very high degree of deference to the decision of the juvenile court.  [Citation.]" (*In re J.N.*, *supra*, 138 Cal.App.4th at p. 459.)

In the instant case, we find no abuse of discretion.  Significantly, father all but ignores the juvenile court's primary or first reason for denying him visitation with his three children:  his failure to register as a sex offender.  On that basis alone, this court would be hard pressed to find the court abused its discretion by denying father's request for visitation.  Father had been convicted of sexual battery in 2008 and he had failed to register as required by law following a move to Bakersfield.  There is nothing arbitrary about the court having determined that visitation with father was not in the best interests of the three children in light of his criminal conviction for a sex crime and the requirement that he register as a sex offender.

Additionally, the petitions alleged Juan had been sexually abusing D.U. for the period between 2009 and 2014.  Even without corroboration of mother's claims that Juan had sexually abused his own children, the court's decision is plainly not arbitrary or capricious in light of the information before it.  The record contains explicit information concerning the abuse Juan visited upon D.U.  The court's concern is the safety of the children before it.  Protecting these three children from a convicted sex offender who continued to violate the law by failing to register as a sex offender, and who was alleged to have sexually abused his then 11-year-old stepdaughter, their half sibling, over a period of several years is entirely reasonable.

6.

"[S]ection 361.5, subdivision (f) gives the court *discretion* to allow the parent to continue visitation with his or her child unless it finds that visitation would be detrimental to the child. In the latter event, subdivision (f) provides that the court does not have discretion to continue to permit visitation." (*In re J.N.*, *supra*, 138 Cal.App.4th at p. 457.) "[V]isitation is not integral to the overall plan when the parent is not participating in the reunification efforts." (*Id*. at pp. 458–459.)

Father cites to "RT 139," a single page in the reporter's transcript, arguing the court relied upon a "mistaken presumption" that visitation would be detrimental to mother and father's children because their half sister had been sexually abused by their father. The relevant passage provides as follows:

> "[FATHER'S ATTORNEY]: My issue just involves visitation with my client. Before I get to that, there is a recommendation to deny him services and the Department has stated the basis and want to submit that issue.
>
> "As far as visits, the mother testified that the kids have a decent relationship with the father and actually want to visit with him.
>
> "And it is important to note that when I'm talking about visitation, I'm not talking about overnight, weekend visits. I'm talking about supervised visits between [father] and his three kids.
>
> "THE COURT: Don't we have a body of appellate law dealing with this very issue?
>
> "[FATHER'S ATTORNEY]: Yes, we do. … The juvenile court has discretion to allow ongoing contact, unless advised visitation would be detrimental to the child.
>
> "It is also consistent with some case law that indicates that parent-child visitation cannot be denied entirely, unless it would jeopardize the safety of the child. [¶] … [¶]
>
> "THE COURT: But isn't there some subsequent case to the effect that any molestation allegation case, there's a question as to whether or not when it's a female as opposed to a male that visitation should not be allowed?

"[FATHER'S ATTORNEY]: I'm not [aware of] any recent [case] that specifically indicates that.…"

A review of the court's comment, however, does not support father's assertion. First, father's attorney had just raised the issue of visitation following mother's argument for a return of the children to her care. Further, no decision had yet been made as to reunification services. Second, the court does not use the word "presumption" in its statement. Third, it is reasonable to assume, given the procedural posture of the case and the context within which the statement was made, that the court's reference is to section 361.5, subdivision (b)(6), which provides in relevant part:

> "(b) Reunification services need not be provided to a parent or guardian described in this subdivision when the court finds, by clear and convincing evidence, any of the following: [¶] … [¶]

> "(6) That the child has been adjudicated a dependent pursuant to any subdivision of Section 300 as a result of severe sexual abuse or the infliction of severe physical harm to the child, a sibling, or half sibling by a parent or guardian, as defined in this subdivision, and the court makes a factual finding that it would not benefit the child to pursue reunification services with the offending parent or guardian."

The court's comments are directed to the issue of reunification services, rather than the more specific issue of visitation following a denial of such services. For those reasons, we disagree with father's assertion that the court applied an incorrect legal standard.

We note that neither the dependency statutes nor the case law delineates what factors the trial court is required to consider in determining a child's best interests. (*In re Ethan N.* (2004) 122 Cal.App.4th 55, 66 [concept of child's best interests is "'an elusive guideline'" defying rigid definition, and in each case best interests depends on the particular facts of the case].) Here, the court knew Juan had been convicted of sexual battery (Pen. Code, § 243.4) in 2008 and, as a result of that conviction, Juan was required to register as a sex offender. It also knew Juan had failed to register as a sex offender. This information, coupled with the purportedly uncorroborated allegations of sexual

8.

abuse committed against his own children, is properly considered by the court in determining the children's best interests.

In light of our holding above, we need not address Juan's further arguments concerning prejudice.

Applying the very high degree of deference to which the juvenile court's decision is entitled, we find no abuse of discretion. The decision did not exceed the bounds of reason and, therefore, it will be not disturbed on appeal. (*In re J.N.*, *supra*, 138 Cal.App.4th at p. 459.)

### DISPOSITION

The judgment is affirmed.

_____
                                                           PEÑA, J.

WE CONCUR:


_____
DETJEN, Acting P.J.


_____
FRANSON, J.

9.